**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYHIEM HARTMAN,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  26-3269** |
| | : | |
| **KEVIN GORMAN,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                           **May 27, 2026**

Ryhiem Hartman, a pretrial detainee housed at Curran-Fromhold Correctional Facility,

has filed a civil rights complaint naming Philadelphia police officers Kevin Gorman and John

Fleming, Judge Chesley Lightsey of the Philadelphia Common Pleas Court, and a witness in his

criminal case, Fernando Lopez.  Mr. Hartman seeks leave to proceed *in forma pauperis*.  For the

following reasons, the court will grant Mr. Hartman leave to proceed *in forma pauperis* and

dismiss the complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Mr. Hartman asserts violations of his Fourth, Sixth, and Fourteenth Amendment rights.

DI 2 at 4.  He claims that Police Officers Gorman and Fleming made false statements about

"knowing and pin pointing [him] on surveillance."  *Id*. at 5-6.  He asserts that "probable cause is

---

[1] The factual allegations are taken from Mr. Hartman's complaint (DI 2), consisting of the court's form available to unrepresented litigants to use as a complaint, as well as a handwritten portion.  The court deems the entire pleading to constitute the complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  On statutory screening, the court may also consider publicly available court records.  *Castro-Mota v. Smithson*, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  Where the court quotes from *pro se* pleadings, punctuation, spelling, and capitalization errors will be cleaned up as needed for clarity.

false & will be proven." *Id*. Specifically, he claims that on May 28, 2024, Police Officers Gorman and Fleming "made false testimonies and accusations which in return had me arrested." *Id*. at 5. The two officers "documented statements" about an encounter and his coming to his residence to "help fabricate a story" for his arrest. *Id*. at 6. He also mentions an interview on May 30, 2024, with the two officers.[2] *Id*.

Mr. Hartman claims that Judge Lightsey is biased against him. *Id*. at 7. He has not received discovery or a bail reduction even though he filed multiple *pro se* and counseled motions because Judge Lightsey has not addressed them.[3] *Id*. He claims he has not been to court for two years and she is "trying to make [him] feel guilty [for] fighting [his] case" when he is innocent. *Id*. His court dates keep getting continued without explanation. *Id*. at 8.

Mr. Hartman claims that Fernando Lopez made false allegations against him and faked an injury. *Id*. He apparently identified Mr. Hartman from a photograph accusing Mr. Hartman of being the person who assaulted him, but Mr. Lopez fabricated the story to help incarcerate him. *Id*. Mr. Hartman seeks money damages. *Id*.

Public records indicate that Mr. Hartman was charged with aggravated assault, robbery, and related crimes, for which he is currently awaiting trial. *See Commonwealth v. Hartman*, CP-51-CR-0007715-2024 (Phila. Ct. Comm. Pl. 2024). Following his arrest, he had a preliminary

---

[2] Mr. Hartman also mentions that he was stabbed in the head while in custody, requiring hospitalization, *id*. at 5, but there is no suggestion that any named defendant was personally involved in that incident.

[3] Mr. Hartman cites the Sixth Amendment in his complaint and states that counseled motions have not been addressed. However, he makes no allegations that he was denied his right to counsel and passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (citation modified) (citation omitted). Any Sixth Amendment claim is thus not plausible.

arraignment in Philadelphia Municipal Court on June 26, 2024, at which time the charges were held over for court. *See id.*; MC-51-CR-0012033-2024 (M.C. Phila. 2024). Preliminary hearings were thereafter conducted on July 11, August 9, September 26, and November 15, 2024. *Id.* A formal arraignment was conducted in the Court of Common Pleas on December 3, 2024. *Id.*; CP-51-CR-0007715-2024. Judge Lightsey is listed as the Judge assigned to the case. *Id.* The charges remain pending.

## II.    STANDARD OF REVIEW

We grant Mr. Hartman leave to proceed *in forma pauperis*.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Parkell v. Markell*, 622 Fed. Appx. 136, 138 (3d Cir. 1999) (citation omitted), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified) (citation omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Hartman is proceeding *pro se*, we construe his allegations liberally but still must ensure that he alleges sufficient facts to support his claims. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted); *Doe v. Allegheny Cnty. Hous. Auth.*, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (per curiam) ("While a court must liberally construe the allegations and apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name . . . this does not require the

---

[4] Because Mr. Hartman is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (citation modified) (citation omitted).

## III.   DISCUSSION

Mr. Hartman asserts federal constitutional violations.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 provides a civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (citation modified) (citation omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

## A.   Claims against Judge Lightsey

Mr. Hartman's claims against Judge Lightsey are not plausible because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000) (citing *Stump*, 435 U.S. at 362).  Moreover, generally "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (citation omitted).  Judges must feel free to act without fear of incurring personal liability for their actions in court, so judicial

4

immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  Because the acts Mr. Hartman attributes to Judge Lightsey — delaying or incorrectly deciding motions in his criminal case — were taken in her judicial capacity in an action over which she clearly could exercise jurisdiction as a judge of the Court of Common Pleas, the § 1983 claims against her are dismissed with prejudice.

**B.      Claims against Mr. Lopez**

The claims against Mr. Lopez also must be dismissed with prejudice.  Mr. Lopez is sued because he was a witness against Mr. Hartman who allegedly falsely identified him from a photograph as the person who assaulted him and fabricated the story to help incarcerate Mr. Hartman.  Individuals are entitled to absolute immunity from civil rights claims based on testimony in court, including at pretrial hearings.  *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("[W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial"); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy") (citation omitted); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial).

Moreover, a victim or witness to a crime is not a "state actor" for purposes of § 1983. "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform

a private citizen into a State actor." *Sous v. Timpone*, 2016 WL 2625325, at \*4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007));

*Lusick v. City of Philadelphia*, 549 F. App'x 56, 58 n.8 (3d Cir. 2013) (agreeing that the victims of a crime cannot be sued in a civil rights action as they are not state actors) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010); *Muhammad v. Phila. Hous. Auth.*, 2012 WL 1439344, at \*2 (E.D. Pa. Apr. 24, 2012) (holding that a crime victim is not a state actor). Participation in the related police investigation likewise does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, 2014 WL 4632380, at \*1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police—or answering police questions about that conduct—without more, does not transform the Hospital Defendants into state actors") (citations omitted); *Collins v. Christie*, 2007 WL 2407105, at \*4 n.9 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983.") (citation omitted); *O'Neil v. Beck*, 2005 WL 2030319, at \*2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983); *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 420 (E.D. Pa. 2020) ("Providing false information to the police—even deliberately—does not transform a private party into a state actor."), *aff'd*, 2023 WL 4418213 (3d Cir. July 10, 2023) (citations omitted).

C.      **False arrest claim**

Mr. Hartman alleges that Police Officers Gorman and Fleming violated his Fourth Amendment rights when they falsely arrested him without probable cause.  Section 1983 false arrest claims sound under the Fourth Amendment, which requires arrests and detentions to be supported by probable cause.  *Harvard v. Cesnalis*, 973 F.3d 190, 202-03 (3d Cir. 2020); *Covington v. Plymouth Twp. Police Dept.*, 779 F. Supp. 3d 509, 523 (E.D. Pa. 2025) ("To state these claims under Section 1983, a plaintiff must establish that: (1) there was an arrest; and (2) the arrest was made without probable cause.") (citation modified) (citing *Saintil v. Borough of Carteret*, 2024 WL 3565308, at *6 (3d Cir. July 29, 2024)); *see also Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest.") (citation omitted).  "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (citation modified) (citation omitted).  "[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).  "In the ordinary criminal case, arrest and detention of a suspect is reasonable if it is supported by probable cause, as determined by the judge who either issues an arrest warrant or conducts a preliminary hearing." *Schneyder v. Smith*, 653 F.3d 313, 322 (3d Cir. 2011) (citing *Gerstein*, 420 U.S. at 111-14).

The public records for Mr. Hartman's arrest indicate he was given a preliminary arraignment where the charges were held over for trial.  *Hartman*, MC-51-CR-0012033-2024 (M.C. Phila. 2024).  He was then arraigned in Common Pleas Court, where the case continues to proceed.  *Id*.; CP-51-CR-0007715-2024 (Phila. Ct. Comm. Pl. 2024).  As the record reflects that

7

a judicial determination that probable cause existed for the charges against Mr. Hartman, it is the kind of "ordinary criminal case" described by the court in *Schneyder*, such that the false arrest claim against Police Officers Gorman and Fleming is not plausible. *Schneyder*, 653 F.3d at 322 (citation omitted). Nonetheless, we will permit Mr. Hartman an opportunity to file an amended complaint if he can state additional facts to indicate his false arrest claim is plausible.

## IV.    CONCLUSION

For the reasons stated, Mr. Hartman's complaint is dismissed. The false arrest claim is dismissed without prejudice, and we grant Mr. Hartman an opportunity to amend this claim if he can allege additional facts to make the claim plausible. The balance of Mr. Hartman's complaint is dismissed with prejudice.